IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01698-BNB

ETHEL WHITE,

    Plaintiff,

v.

WARDEN NOBLE WALLACE, Warden at Time of Incident,
L. T. LAWERENCE, DRDC Property,
CARL A., DRDC Intake Nurse, and
HILLARY S, DWCF Care Provider,

    Defendants.

```
                                    FILED
                          UNITED STATES DISTRICT COURT
                               DENVER, COLORADO

                               OCT - 1 2007

                          GREGORY C. LANGHAM
                                              CLERK
```

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ethel White, was a prisoner in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Denver, Colorado, women's correctional facility when she initiated the instant action. She since has informed the Court that she is residing at the ACRC at 2135 W. Chenango, Littleton, CO 80220. Ms. White has filed *pro se* an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Ms. White is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. White will be ordered to file an amended complaint.

Ms. White complains that her custom-made, medical shoes were confiscated upon her arrival at the Denver Women's Correctional Facility because they required medical approval, and that apparently the shoes got lost or misplaced. As a result, she was forced to wear other shoes that caused damage to her left foot.

Ms. White must allege exactly what each defendant did to violate her constitutional rights, and she must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) **Id.** Ms. White must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Noble Wallace, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. White may use fictitious names, such as Jane or John Doe, if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. White uses fictitious names she must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Ms. White will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rather than summarizing each claim succinctly, Ms. White has organized her claims according to the damages she seeks and, as a result, her claims are verbose and redundant. She apparently expects the Court to speculate who is being sued for what and how her constitutional rights have been violated. That is not the Court's job. It is Ms. White's responsibility to edit and organize her claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for her. Ms. White must assert, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

3

In order for Ms. White "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. White should be given an opportunity to file an amended complaint. She will be directed to do so below.

Finally, Ms. White is advised that she must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Ms. White should review her claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Ms. White file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

4

FURTHER ORDERED that the clerk of the Court mail to Ms. White, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Ms. White submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. White fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 1, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01698-BNB

Ethel White
ACRC
2135 W. Chenargo
Littleton, CO 80120

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/1/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk