IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01698-BNB

ETHEL WHITE,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS
WARDEN NOBLE WALLACE, Warden at Time of Incident,
L. T. LAWERENCE, DRDC Property,
CARL A., DRDC Intake Nurse,
HILLARY S., D.W.C.F. Care Provider, and
JOHN DOE, DOC Employees [sic],

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 0 2007

GREGORY C. LANGHAM

## ORDER OF DISMISSAL

Plaintiff, Ethel White, was a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Denver, Colorado, women's correctional facility when she initiated the instant action. She since has informed the Court that she is residing at the ACRC at 2135 W. Chenango in Littleton, CO 80220. Ms. White filed *pro se* an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). She was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

On October 1, 2007, Magistrate Judge Boyd N. Boland ordered Ms. White to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that asserted each Defendant's personal participation in the alleged constitutional violations, and that provided sufficient

information about each John or Jane Doe Defendant so that each Defendant could be identified for purposes of service. On October 30, 2007, Ms. White filed an amended complaint for money damages and injunctive relief.

The Court must construe the amended complaint liberally because Ms. White is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Ms. White complains that her custom-made, medical shoes were confiscated upon her arrival at the Denver Women's Correctional Facility because they required medical approval, and that the shoes apparently were destroyed. As a result, she was forced to wear other shoes that caused damage to her left foot, requiring surgery.

In the October 1, 2007, order for an amended complaint, Magistrate Judge Boland warned Ms. White that she must allege exactly what each Defendant did to violate her constitutional rights, as well as which constitutional rights were violated. In the amended complaint she filed on October 30, 2007, she has failed to do so. Personal participation by the named Defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Ms. White must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Warden Noble Wallace, may not be

held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). In addition, Ms. White's use of a fictitious name for a Defendant, i.e., John Doe, was not accompanied by sufficient information about that Defendant, as requested in the October 1 order, so that he or she could be identified for purposes of service.

The amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. In the October 1, 2007, order, Magistrate Judge Boland informed Ms. White that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He further explained that Rule 8(a) specifically provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." He pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." He warned that, taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal

3

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Nonetheless, Ms. White has failed to summarize each claim succinctly. Instead, she again makes verbose and redundant claims in the body of the amended complaint and in an attachment, apparently expecting the Court to summarize each claim and to speculate who is being sued for what and how her constitutional rights have been violated. As Magistrate Judge Boland informed Ms. White in the October 1, 2007, order, that is not the Court's job. It is Ms. White's responsibility to edit and organize her claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for her. Ms. White must assert, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated her rights. Magistrate Judge Boland warned Ms. White in the October 1 order that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the amended complaint is dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failure to comply with the directives of the October 1, 2007, order for an amended complaint.

DATED at Denver, Colorado, this 5 day of December, 2007.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01698-BNB

Ethel White
ACRC
2135 W. Chenargo
Littleton, CO 80120

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/10/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk